FILED
January 12, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **ENRIQUE YASMANI LIENDRES AYALA,** § | |
| Petitioner, § | |
| v. § | NO. SA-25-CV-1833-OLG |
| **KRISTI NOEM, in her Official Capacity as Secretary of the U.S. Department of Homeland Security,** *et al.*, § | |
| Respondents. § | |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Enrique Yasmani Liendres Ayala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 7) and Petitioner has replied (Dkt. No. 11).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a citizen of Ecuador who entered the United States without inspection in 2022 or 2023. (*Compare* Dkt. No. 1 ¶ 6; Dkt. No. 7 at 2; *with* Dkt. No. 7-1 at 1.) On November 23, 2025, he was apprehended and served with a Notice to Appear—which charged him as "an alien present in the United States without being admitted or paroled" and, therefore, inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (Dkt. No. 7-1 at 1; *see* Dkt. No. 1 ¶ 13.) He is currently in "full" removal proceedings before an immigration judge. (Dkt. No. 7 at 1.)

This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus,

entitled to a bond redetermination before an immigration judge. (*See* Dkt. No. 1 ¶¶ 18–23; Dkt. No. 7 at 3–5.)

Having already resolved this question against Respondents' position in other habeas cases,[1] the Court required Respondents to consider those orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 5.) On January 5, 2026, Respondents advised that "[n]o material differences exist between these cases[2] and the one presented before the Court." (Dkt. No. 7 at 19.) As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

Petitioner Enrique Yasmani Liendres Ayala's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

---

[1]*See Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025) (citing *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025)); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025).

[2]Indeed, the Court notes that Respondents cite the same jurisdiction-stripping provisions of the INA—i.e., 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4)—which the Court has already addressed and found to be inapplicable in similar cases. (*See* Dkt. No. 7 at 6–7); *Perez-Puerta*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus; *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus; *Mendoza Euceda*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus.

This case is **CLOSED**.

It is so **ORDERED**.

SIGNED this \_\_\_12\_\_\_ day of January 2026.

```
ORLANDO L. GARCIA
United States District Judge
```